**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| AMBER SULLIGAN, SPENSER HENRY, IRA SHERMAN, THOMAS DOROBIALA, RICHARD KLEINER, MELISSA ORLANDO, BLAIR MYERS, JOSIP PETRUSIC, MATTHEW ROTHWELL, DARNELL PETTIFORD, and EDDIE GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>      Defendant. | Case No. 2:22-cv-11668-LVP<br><br>Honorable Linda V. Parker<br><br>Mag. Judge Elizabeth A. Stafford |

**PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE A SECOND AMENDED COMPLAINT**

Pursuant to 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for leave to file a Second Amended Complaint.

The grounds and legal authority for this motion are discussed in detail in Plaintiffs' Memorandum of Law in Support of Their Motion for Leave to File a Second Amended Complaint, filed with this Motion.

In accordance with Rule 15(a) and L.R. 7.1(a), Plaintiffs' counsel sent a draft amended complaint and sought the concurrence of Defendant's counsel in the relief

sought by this Motion on October 10, 2022. Defendant declined to consent to the filing of the Second Amended Complaint and opposes the motion.

Dated: October 17, 2023      Respectfully submitted,


By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
THE MILLER LAW FIRM PC
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com

Steve W. Berman
Thomas E. Loeser
Shelby Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com
shelby@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*


**Error! Unknown document property name.**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AMBER SULLIGAN, SPENSER HENRY, IRA SHERMAN, THOMAS DOROBIALA, RICHARD KLEINER, MELISSA ORLANDO, BLAIR MYERS, JOSIP PETRUSIC, MATTHEW ROTHWELL, DARNELL PETTIFORD, and EDDIE GUTIERREZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>FORD MOTOR COMPANY,<br><br>          Defendant. | Case No. 2:22-cv-11668-LVP<br><br>Honorable Linda V. Parker<br><br>Mag. Judge Elizabeth A. Stafford |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

**<u>STATEMENT OF ISSUE PRESENTED</u>**

1.     Leave to amend a complaint should be "freely given" in the absence of (1) bad faith by the amending party, (2) undue delay, (3) dilatory motive, and (4) futility of amendment. Where the parties have not commenced discovery and none of these rationales apply, should the Court grant leave for Plaintiffs to file a Second Amended Complaint that adds claims for violations of express and implied warranties?

Plaintiffs' answer: "Yes."

## STATEMENT OF CONTROLLING AND
## MOST APPROPRIATE AUTHORITY

1.      Fed. R. Civ. P. 15(a)(2)

2.      *Foman v. Davis*, 371 U.S. 178 (1962)

3.      *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912 (E.D. Mich. 2022)

4.      *Milisits v. FCA US LLC*, 2021 WL 3145704 (E.D. Mich. July 26, 2021)

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    STATEMENT OF FACTS .................................................................. 3

      A.    Procedural Background .......................................................... 3

      B.    Proposed Amendments to the Complaint ............................... 4

III.   Legal Standard ................................................................................. 5

IV.   ARGUMENT ..................................................................................... 6

      A.    Plaintiffs' proposed SAC strengthens and expands upon
the FAC's allegations regarding the Shutdown Risk. .................. 6

      B.    The proposed amendment tracks this Court's Order and
would survive a motion to dismiss. ................................................ 9

      C.    The proposed amendment is not brought for delay or any
undue purpose. ............................................................................... 10

      D.    Plaintiffs' proposed amendment does not prejudice Ford. ............... 11

V.    CONCLUSION .................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asher v. Clay Cnty. Bd. of Educ.*, 585 F. Supp. 3d 947 (E.D. Ky. 2022)................12

*Carson v. U.S. Office of Special Counsel*, 633 F.3d 487 (6th Cir. 2011)..................6

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................6

*In re FCA US LLC Monostable Electronic Gearshift Litigation*,
    280 F.Supp.3d 975 (E.D. Mich. 2017) ...............................................................7

*In re Myford Touch Consumer Litig.*,
    2015 WL 5118308 (N.D. Cal. Aug. 31, 2015) ....................................................7

*Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912 (E.D. Mich. 2022)  7, 10, 12

*Milisits v. FCA US LLC*, 2021 WL 3145704 (E.D. Mich. July 26, 2021).......... 8, 10

*Miller v. Calhoun Co.*, 408 F.3d 803 (6th Cir. 2005) ................................................9

*Moore v. Paducah*, 790 F.2d 557 (6th Cir. 1986)......................................................8

*Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002)..................................................5

*Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612 (6th Cir. 2016)..............2

*Parchman v. SLM Corp.*, 896 F.3d 728 (6th Cir. 2018) ............................................5

*Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134 (6th Cir. 1983)..............12

*United States ex rel. Lynn v. City of Detroit*,
    2022 WL 163616 (E.D. Mich. Jan. 18, 2022) ................................................2, 8

**Other Authorities**

Charles Alan Wright, et al., 6 Fed. Practice & Procedure § 1474 (2010) .................5

**Rules**

Fed. R. Civ. P. 15(a)(2)...............................................................................................5

Fed. R. Civ. P. 41(a)....................................................................................................4

## I.   INTRODUCTION

Plaintiffs seek leave to file a Second Amended Complaint ("SAC") to add seven new plaintiffs with implied warranty claims, add express warranty claims for these new plaintiffs and the existing plaintiffs whose implied warranty claims were upheld, and remove two plaintiffs who voluntarily dismissed their claims.

Since the Court's order (ECF No. 23) ("Order") on Defendant Ford Motor Company's ("Ford") motion to dismiss Plaintiffs' First Amended Complaint ("FAC"), Plaintiffs have identified other Mustang Mach-E owners from across the country who have "actually experienced" shutdowns. *See* ECF No. 23 at 22–23. Plaintiffs bring implied warranty claims on behalf of these plaintiffs.

The amended complaint also brings express warranty claims on behalf of the previous and new plaintiffs based on the SAC's strengthened allegations regarding Ford's response to the Shutdown Risk: rather than develop a *bona fide* fix for the Shutdown Risk, Ford pushed an over-the-air software update that derates the vehicles' power and increases the time required to charge the batteries. By issuing an ineffective software update, Ford has failed to comply with its obligations under its express warranty when presented with a covered defect.

If Plaintiffs cannot amend their complaint to bring these express warranty claims, they would be forced to file a new case, based on substantially similar allegations, which likely would be consolidated with the instant matter. The

proposed amendment would conserve judicial resources. *See Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016) (where "a new complaint [is] the likely alternative, allowing supplemental pleadings … is often the most efficient course"). Thus, the SAC "would avoid piecemeal litigation between essentially the same parties on substantially identical issues." *United States ex rel. Lynn v. City of Detroit*, 2022 WL 163616, at *4 (E.D. Mich. Jan. 18, 2022) (citation omitted).

The proposed amendment is written to comply with the Court's Order and therefore will survive Ford's inevitable motion to dismiss, so it is not futile. Nor are there any other grounds for denying Plaintiffs' motion. Plaintiffs do not bring this motion in bad faith or for any undue delay or dilatory motive; rather, they have worked diligently and communicated their intentions to Ford and the Court to bring additional claims based on what the Court permitted in its Order. And crucially, there is no prejudice to Ford from granting Plaintiffs leave to amend at this early stage in the proceeding: the parties have not yet exchanged initial disclosures, discovery has not commenced, and the proposed amendments do not increase the scope or scale of necessary discovery.

Plaintiffs respectfully request that the Court grant leave to file their SAC. The proposed SAC is attached as Exhibit A, and a redlined copy comparing the proposed SAC to the currently operative FAC is attached as Exhibit B.

## II.   STATEMENT OF FACTS

### A.   Procedural Background

Plaintiffs filed their original complaint on July 20, 2022, alleging nationwide claims for violation of the Magnuson-Moss Warranty Act, fraudulent concealment, and unjust enrichment, as well as Pennsylvania-specific claims for violations of its consumer protection law and the implied warranty of merchantability. ECF No. 1.

On September 22, 2022, Plaintiffs filed their FAC, which added plaintiffs in Pennsylvania as well as California, Georgia, Indiana, Maine, Nevada, and North Carolina. ECF No. 15. The FAC contained the same three nationwide causes of action, as well as state-specific claims for breaches of implied warranty and various state-specific fraud and consumer protection claims. *Id.*

Ford moved to dismiss the FAC and compel arbitration on October 13, 2022. ECF Nos. 16, 17. Plaintiffs Spenser Henry and Amber Sulligan then voluntarily dismissed their claims on October 28, 2022, and January 27, 2023, respectively. ECF Nos. 18, 21. On May 11, 2023, the Court denied as moot Ford's motion to compel.

On August 11, 2023, the Court entered its Order granting in part and denying in part Ford's motion to dismiss Plaintiffs' FAC. The Court denied Ford's motion to dismiss Plaintiffs' implied warranty claims in California, Georgia, and Maine because plaintiffs in those three states "allege that they actually experienced a vehicle shutdown while operating the vehicle on roads, or their vehicle would not start at some point," demonstrating that their vehicles "cannot be considered fit for

-3-

their ordinary use, or merchantable." ECF No. 23 at 22–23. The Court dismissed all of Plaintiffs' other claims, including Plaintiffs' nationwide claims, their implied warranty claims for plaintiffs who did not experience a vehicle shutdown, and Plaintiffs' state law fraud and consumer protection claims. *See id*. at 37.

After the parties held a Rule 26(f) conference on September 8, 2023, the parties stipulated, and the Court so ordered, a process for filing this Second Amended Complaint. *See* ECF No. 27. The Court then held a scheduling conference on September 19, 2023. At that conference, Plaintiffs advised Ford and the Court that they intended to move for leave to amend their complaint to add plaintiffs and express warranty claims, including in additional states.

On September 21, 2023, the Court entered a scheduling order. ECF No. 30. The first deadline set by the order is for Rule 26(a)(1) initial disclosures to occur by October 27, 2023. The parties have not served written discovery, and there currently is no deadline for joinder or amended pleadings. *Id*.

**B.     Proposed Amendments to the Complaint**

The proposed SAC contains the following changes:

*First*, the proposed amendment removes two named plaintiffs who voluntarily dismissed their claims pursuant to Fed. R. Civ. P. 41(a). *See* ECF Nos. 18, 21. The case caption would be updated accordingly.

***Second***, the proposed SAC adds seven new plaintiffs. Two purchased their vehicles in states that were included already in the FAC (Pennsylvania and Indiana). The other five plaintiffs purchased their vehicles in states not included in the FAC (New York, Tennessee, Michigan, Delaware, and Louisiana). All seven of these plaintiffs "actually experienced a vehicle shutdown while operating the vehicle on roads, or their vehicles would not start at some point[.]" ECF No. 23 at 22–23. The proposed SAC adds these seven named plaintiffs to the implied warranty counts in their respective states.

***Third***, the proposed SAC adds counts for violations of express warranties in each of the states where a named plaintiff resides. It also clarifies and strengthens substantive and class allegations relating to Plaintiffs' express warranty claims.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has held that "Rule 15 plainly embodies a liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *see also Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) ("[T]he case law in this Circuit manifests liberality in allowing amendments to a complaint."). Courts routinely grant parties leave to amend their complaints to include additional claims. *See* Charles Alan Wright, et al., 6 Fed. Practice & Procedure § 1474 (2010).

"If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*; *see also Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011).

## IV.   ARGUMENT

The proposed SAC will preserve judicial economy by keeping claims arising from the same course of conduct in a single complaint, instead of filing a largely duplicative case. The proposed amendment is not futile, filed in bad faith or for any improper motive, and there is no prejudice to Ford by granting leave to amend at this initial stage in the litigation.

**A.    Plaintiffs' proposed SAC strengthens and expands upon the FAC's allegations regarding the Shutdown Risk.**

Plaintiffs' proposed SAC brings new claims arising out of the same set of Ford's actions that form the basis of the FAC. The interests of justice and judicial economy support granting the motion.

-6-

There are two main categories of edits in the proposed complaint. First are edits relating to the inclusion of new plaintiffs who "actually experienced a vehicle shutdown while operating the vehicle on roads, or their vehicles would not start at some point[.]" ECF No. 23 at 22–23. Plaintiffs seek to amend their complaint to bring implied warranty claims on their behalf. These claims closely track the claims that have already survived Ford's motion to dismiss, and the proposed amendment would allow additional state subclasses to participate in the lawsuit.

A second category of edits relates to Plaintiffs' new counts for breaches of express warranties. "[A] plaintiff claiming breach of an express warranty [must] give the seller the opportunity to repair or replace the product before the exclusive repair and replace remedy is considered to have failed of its essential purpose." *In re Myford Touch Consumer Litig.*, 2015 WL 5118308, at *4 (N.D. Cal. Aug. 31, 2015); c*f. In re FCA US LLC Monostable Electronic Gearshift Litigation*, 280 F.Supp.3d 975, 1010 (E.D. Mich. 2017) (declining to dismiss express warranty claim where "plaintiffs have alleged that the defendant failed or refused to repair" an allegedly defective part).

Plaintiffs' "proposed amendment does not change the nature of the case, but rather just clarifies the allegations that [they] had already made in [their] original complaint." *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (granting leave to amend complaint) (citation omitted); *see* Ex. A ¶¶ 11, 136,

-7-

137. The SAC clarifies and strengthens the FAC's allegations that Ford's software update constitutes a failure to repair pursuant to a written warranty, as is necessary to state a claim for a breach of an express warranty. *Cf. Milisits v. FCA US LLC*, 2021 WL 3145704, at *5 (E.D. Mich. July 26, 2021) (upholding allegations that defendant's "software updates to various modules in the vehicle" did not solve problem).

Denying leave to amend would delay this case's speedy resolution. Were the Court to deny Plaintiffs leave to amend, their only avenue for relief would be to file another lawsuit, based on the same facts, brought on behalf of the named plaintiffs who seek to join this case. That case likely would be consolidated with the present matter, which would lead to the inefficient use of the Court's and the parties' resources. *See Husted*, 837 F.3d at 625 (where "a new complaint [is] the likely alternative, allowing supplemental pleadings … is often the most efficient course"). Thus, allowing Plaintiffs to file an amended complaint "would avoid piecemeal litigation between essentially the same parties on substantially identical issues." *Lynn*, 2022 WL 163616, at *4 (citation omitted); *see also Moore v. Paducah*, 790 F.2d 557 (6th Cir. 1986) (reversing district court's denial of amendment where same set of facts supported both original and amended complaint). It would be wasteful

and duplicative to force additional plaintiffs to file a new lawsuit to bring essentially identical claims.[1]

## B.     The proposed amendment tracks this Court's Order and would survive a motion to dismiss.

An amendment "is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Co.*, 408 F.3d 803, 817 (6th Cir. 2005). None of Plaintiffs' proposed amendments to their complaint is futile.

Plaintiffs' proposed implied warranty counts track those that this Court has already held survive a motion to dismiss. All new plaintiffs have "actually experienced" the Shutdown Risk. The Court found that fact dispositive in its order, dismissing the implied warranty claims of plaintiffs who did not experience a shutdown and upholding the claims of plaintiffs who did. ECF No. 23 at 22–23. The additional proposed implied warranty claims similarly will survive a motion to dismiss.

The same result holds for Plaintiffs' express warranty claims. Plaintiffs seek to add claims for breaches of express warranties in all states included in the proposed SAC. As the Court noted in its order, Ford issued a recall on June 21, 2022, "identifying approximately 48,924 vehicles affected by the Shutdown Risk," and

---

[1] A third category of edits involves the removal of references to two named plaintiffs who have voluntarily dismissed their claims since Plaintiffs filed the FAC. *See* ECF Nos. 18, 21. Ford withholds its consent even as to this uncontroversial amendment.

promulgated a software update as a purported "fix" for the Shutdown Risk. ECF No. 23 at 3. Plaintiffs' proposed amendment clarifies that this update, which most Mustang Mach-E owners have received, does not actually resolve the Shutdown Risk, and instead downgrades the performance of their vehicles in the hope that the decreased performance prevents the defective component from failing. Ex. A ¶¶ 11, 136, 137. Plaintiffs also edit their class allegations to support these claims. *See* Ex. A ¶¶ 141, 145, 147.

Because Plaintiffs allege that they presented their defective vehicles for repair and Ford failed to repair them, they state a claim for breach of express warranty. *See Milisits*, 2021 WL 3145704, at *5 ("[Defendant] promised in its express warranty that it would repair Plaintiffs' vehicles, and Plaintiffs sufficiently allege that [Defendant] has failed to live up to that promise.").

## C.    The proposed amendment is not brought for delay or any undue purpose.

Plaintiffs' diligence in seeking leave to amend is evident from the docket. They have complied with the stipulated and ordered process for filing this motion for leave and bring this motion before discovery has commenced. *See* ECF No. 27; *cf. Klein*, 581 F. Supp. 3d at 918 (finding no delay or bad faith and granting leave to amend where plaintiff provided the proposed amendment to defendant before filing and discovery had not yet begun).

-10-

The Court entered its order on Ford's motion to dismiss on August 11, 2022. The parties held their Rule 26(f) conference on September 8, 2023. ECF No. 28 at 1. The Court then held a scheduling conference on September 19, 2023, and entered a Phase I scheduling order on September 21, 2023. ECF No. 30. None of the deadlines in that order has passed. At that hearing, Plaintiffs informed the Court and Ford of its intent to seek leave to file an amended complaint. The Court ordered Plaintiffs to provide an update by no later than October 6, 2023, which they did. Plaintiffs provided multiple versions of the proposed SAC to Ford, which refused to provide consent, and now Plaintiffs file the instant motion promptly thereafter.

Nor do Plaintiffs request leave for any bad faith motive. Plaintiffs seek to amend their complaint as a direct response to the Court's order on Ford's motion to dismiss, specifically identifying Plaintiffs who experienced the Shutdown Risk highlighted by the Court.

Plaintiffs' inclusion of counts that this Court dismissed in its prior order are not evidence of bad faith. As Plaintiffs state in the proposed SAC, these counts remain in the SAC for appeal purposes only, and Plaintiffs do not attempt to replead them.

**D.     Plaintiffs' proposed amendment does not prejudice Ford.**

Finally, there is no prejudice to Ford arising from Plaintiffs' SAC. Examples of prejudice include "insufficient time to conduct discovery," being "unfairly

-11-

surprised by the change in theories," or otherwise showing an inability to now "rebut the plaintiff's new theory." *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). No such prejudice exists here.

Plaintiffs' "proposed amendment does not change the nature of the case, but rather just clarifies the allegations that [they] had already made in [their] original complaint." *Klein*, 581 F. Supp. 3d at 918. Plaintiffs allege that the Shutdown Risk Vehicles are defective, and that Ford has failed to fix the defect, in violation of promises made to Plaintiffs. The proposed amendment refines certain allegations and bring additional causes of action arising from a similar set of facts. Ford cannot claim to be "surprised by [a] change in theories" or an inability to respond to it; the theory has not changed.

Nor can Ford claim that it has insufficient time to conduct discovery, as discovery has not started. Indeed, the parties have not even exchanged initial disclosures. *Cf. Asher v. Clay Cnty. Bd. of Educ.*, 585 F. Supp. 3d 947, 957 (E.D. Ky. 2022) (granting leave to amend and finding no prejudice "because the amendment was filed early in the litigation and largely recites the same claims as the First Amended Complaint"); *Klein*, 581 F. Supp. 3d at 918 (similar).

The absence of prejudice further supports Plaintiffs' motion for leave to amend.

## V.    CONCLUSION

Plaintiffs' proposed SAC adds plaintiffs and claims arising from the same underlying set of facts as the SAC, focusing on the aspects of the FAC that survived Ford's motion to dismiss. In the interests of justice, and in the absence of delay, bad faith, or prejudice, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint, attached as Exhibit A.

Dated: October 17, 2023      Respectfully submitted,


By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
THE MILLER LAW FIRM PC
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com

Steve W. Berman
Thomas E. Loeser
Shelby Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com
shelby@hbsslaw.com

*Attorneys for Plaintiffs and the Proposed Class*

-14-

-15-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 17, 2023 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ E. Powell Miller*
E. Powell Miller

-15-